UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

  v.                                                            CAUSE NO. 3:22-CV-45 DRL-MGG

WILLIAM HYATT and GEORGE
PAYNE,

    Defendants.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint and a motion for a temporary restraining order, alleging lockdowns at Miami Correctional Facility are infringing on his constitutional rights. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Mayberry alleges that his housing unit was placed on lockdown from November 19 until November 29, 2021, per the orders of Warden Hyatt and Assistant Warden Payne following a fight between inmates. ECF 2 at ¶2. Mr. Mayberry says his side of the housing unit was wrongly subjected to the lockdown because the fight

occurred between inmates on the other side of the unit, which is separated from Mr. Mayberry's side by metal locking doors, and because the inmates involved in the fight were quickly identified by prison staff. ECF 2 at ¶4-9. Mr. Mayberry also alleges that his housing unit was placed on a second lockdown from December 27, 2021, through the date of filing on January 19, 2022. ECF 2 at ¶ 23. Mr. Mayberry asserts that this lockdown was also imposed in response to a fight between inmates on the other side of the housing unit, which occurred on December 23, 2021. ECF 2 at ¶19-24. Mr. Mayberry contends that the lockdowns are unconstitutional because he and other inmates are being punished for the actions of others, thus violating his right to due process. ECF 2 at ¶32.

The Constitution does not create a liberty interest in inmates avoiding a lockdown, even if the lockdown is in response to the actions of only a few inmates. Short-term lockdowns for administrative, protective, or investigative purposes do not implicate due process, even when inmates are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (no liberty interest for 60 days in segregation) and *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005) (no liberty interest for 90 days in segregation); *see also Wrinkles v. Davis*, 311 F. Supp. 2d 735 (N.D. Ind. 2004) ("The Fourteenth Amendment creates no liberty interest in inmates avoiding an institutional lockdown . . .."). Though the imposition of an institutional lockdown may rise to the level of a constitutional violation if it is unrelated to a legitimate penological interest or is excessive in relation to the reason for the lockdown, lockdowns that are imposed to maintain safety and order within the prison do not typically implicate the Constitution. *See Turley v. Rednour,* 729 F.3d 645 (7th Cir. 2013) (noting the "norm of

proportionality" guides the acceptable duration of lockdowns). Lockdowns are a form of discipline that falls within the "expected parameters of an inmate's sentence, and do not present the type of 'atypical' deprivation in which a state might conceivably create a liberty interest." *Wrinkles,* 311 F. Supp. 2d at 739 (citing *Sandin v. Conner*, 515 U.S. 473 (1995)). Prison officials are afforded "wide-ranging deference" in adopting and enforcing practices that are required to "preserve internal order and discipline and to maintain institutional security." *Pell v. Procunier*, 417 U.S. 817, 827 (1974). The lockdowns in Mr. Mayberry's case were imposed in response to fights between inmates. One lasted 10 days; the other at least 23 days. These facts don't plausibly allege a constitutional violation.

Nonetheless, sometimes ripple effects from a lockdown can independently violate the Constitution. Here, Mr. Mayberry asserts that the lockdowns have prohibited him from accessing telephones, mail and in-person visitation services, the law library and legal services, the courts, the prison grievance system, and the ability to exercise his religion. ECF 2 at ¶46. However, the complaint is short on facts, dates, and specifics regarding how his access to any of these services was restricted and the effects that these restrictions had on him. Based on what it does say, it is not plausible to infer that the lockdown-based restrictions rose to the level of a constitutional violation.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must

3

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mr. Mayberry's motion for a temporary restraining order asking that the restrictions on him be lifted (ECF 3) must be denied. The motion cites to Federal Rule of Civil Procedure 65(b). However, a temporary restraining order may be issued only if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B). The motion makes no mention of any effort to give notice to the opposing parties nor any explanation for why notice should not be given. A temporary restraining order cannot be issued then.

Even if the court were to construe the motion as a request for a preliminary injunction, it fares no better. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20

(2008). Because the complaint does not currently state a claim, Mr. Mayberry has no chance of success on the merits.

Although this complaint does not state a claim for which relief can be granted, Mr. Mayberry may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DENIES the motion for an emergency temporary restraining order (ECF 3);

(2) GRANTS Timothy Marcus Mayberry until **February 24, 2022**, to file an amended complaint; and

(3) CAUTIONS Timothy Marcus Mayberry if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

January 25, 2022                *s/ Damon R. Leichty*
                                                 Judge, United States District Court