UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

Plaintiff,

v.                                                              CAUSE NO. 3:22-CV-45 DRL-MGG

WILLIAM HYATT *et al.*,

Defendants.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint alleging

two lockdowns at Miami Correctional Facility violated his constitutional rights. ECF 2.

The court determined that this complaint failed to state a claim because he had no

constitutional right to avoid short-term lockdowns and the complaint did not otherwise

allege the conditions during the lockdowns were severe enough to constitute

independent constitutional violations. ECF 7. Mr. Mayberry was given leave to file an

amended complaint, and he has done so. ECF 9.

Because Mr. Mayberry is a prisoner, the court must review the merits of his

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his amended complaint, Mr. Mayberry once again alleges that the lockdowns infringed on his liberty interests because they were imposed in response to a fight between inmates in a different unit. ECF 9 at 2. As he was told in the previous screening order, Supreme Court precedent dictates that inmates possesses a liberty interest under the Fourteenth Amendment in avoiding lockdowns only when their freedom is restrained in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Here, Mr. Mayberry alleges he was subjected to a lockdown for eleven days; and then, approximately a month later, he was subjected to a second lockdown for twenty-four days. ECF 9. Neither lockdown was long or severe enough to constitute an atypical and significant hardship; thus, neither implicates a Fourteenth Amendment liberty interest. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (no liberty interest for 60 days in segregation) and *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005) (no liberty interest for 90 days in segregation). His reliance on the prison policies regarding administrative segregation is unavailing because a violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

Mr. Mayberry was notified in the previous screening order that inmates do not possess a liberty interest in avoiding lockdowns, even when the lockdown results in

conditions of confinement that are harsher than normal. *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *see also Wrinkles v. Davis*, 311 F. Supp.2d 735 (N.D. Ind. 2004). He was nonetheless permitted leave to amend his initial complaint to allege more details regarding how his access to phones, mail and in-person visitation, the law library and legal services, the courts, the prison grievance system, and the ability to exercise his religion were sufficiently restricted to rise to the level of being an independent constitutional violation. His allegations suggest he might be able to state a claim for denial of access to the court, but any claims that his constitutional rights were otherwise violated are without merit.

Mr. Mayberry alleges that throughout the lockdown he was given sack meals instead of the usual hot meals. This does not state an Eighth Amendment claim. The Eighth Amendment protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012). "Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." *Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) (quoting *Williams v. Berge*, 102 F. Appx. 506, 507 (7th Cir. 2004)). Though eating sack meals may not be enjoyable, doing so for a few weeks at a time does not violate the Eighth Amendment.

Similarly, Mr. Mayberry's allegations that he was barred from accessing recreation facilities, grievance forms, or other programs such as "counseling, library, recreation

3

programs, . . . and academic education" do not state an Eighth Amendment claim. ECF 9 at 7-10. Lack of access to exercise may be violative in "extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). But restrictions that last for only a few weeks do not rise to such a level. *Pearson v. Ramos,* 237 F.3d 881, 884 (7th Cir. 2001) (holding that 90-day denial of yard privileges was not cruel and unusual punishment). Moreover, lack of access to grievance procedures does not state a claim because "the Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). Finally, failure to provide vocational and educational programs does not violate the Eighth Amendment absent "grievously debilitating prison conditions." *Madyun v. Thomspon,* 657 F.2d 868, 874 (7th Cir. 1981). Here, there were no such grievously debilitating conditions, so the revocation of these programs during a brief lockdown isn't enough to support an Eighth Amendment claim.

Additionally, Mr. Mayberry's inability to use the phones or access his mail during these two lockdowns did not violate his First Amendment rights. Delays in receiving mail that are "relatively short-term and sporadic" and that aren't predicated on a "content-based prison regulation or practice" don't violate the First Amendment. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999) (delays up to 26 days in receiving mail were too short and "isolated" to constitute a First Amendment violation). Here, Mr. Mayberry was prohibited from receiving his mail during two separate, discrete lockdowns, each of which lasted for less than a month; thus, there is no First Amendment violation. Similarly,

4

restrictions on the use of telephones during these two lockdown periods do not state a constitutional claim. *See Boriboune v. Litscher*, 91 F. App'x 498, 499 (7th Cir. 2003) ("But though prisoners have a right under the First Amendment to communicate with others outside the prison, we have expressed doubt that this amounts to an unqualified right for a prisoner to have access to a telephone." (citation omitted)).

Mr. Mayberry also once again asserts that his inability to access mail, visitation, phone calls, and the law library throughout the lockdowns impeded his ability to access the courts. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Seventh Circuit Pattern Civil Jury

Instructions 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiffs are required to make "specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003).

> Here, Mr. Mayberry references a possible claim that might have been prejudiced:
>
> Specifically, by the actions and omissions of defendant Stacy Hall returning to me, timely-requested legal copies, in a non-permitted untimely manner the proximate cause of, and resulting in a case forclosure procedurally on or about December 26th, 2021 of which, said case regarded a Tort Complaint that I attempted to prepare and submit pursuant to the Indiana Tort Claims Act.

ECF 9 at 11. However, the amended complaint does not lay out the circumstances surrounding the request for copies or give information about the potential claim that was prejudiced. Without this information, the court cannot determine whether Mr. Mayberry states a claim for relief.

The amended complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Mayberry may file a second amended complaint to provide more details about the potential denial of access to the court if he believes he can state such a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write

this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Timothy Marcus Mayberry until **<u>April 22, 2022</u>**, to file a second amended complaint; and

(2) CAUTIONS Timothy Marcus Mayberry if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 21, 2022                                    *s/ Damon R. Leichty*
                                                         Judge, United States District Court