UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, <br><br>  Plaintiff, <br><br> v. <br><br> STACY HALL, <br><br>  Defendant. | CAUSE NO. 3:22-CV-45-DRL-MGG |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Mayberry sues the then-law librarian Stacy Hall at Miami Correctional Facility, alleging she denied him access to the courts. In his amended complaint, he blames her for him missing the deadline to file a tort claim about a property loss he allegedly suffered at a former facility, Wabash Valley Correctional Facility. ECF 27 at 2. That tort claim concerned an incident on May 26, 2021, in which staff members at Wabash Valley allegedly destroyed his legal work without cause. *Id.* at 2; ECF 27-1 at 1. He says

that he did not file a tort claim right away because he was experiencing threats and intimidation for other grievances he had filed at Wabash Valley. ECF 27 at 2. But when he was transferred to Miami, he began the process to submit a tort claim. *Id.*

Mr. Mayberry alleges he was transferred to Miami on October 14, 2021, and spent the next two weeks in isolation. ECF 27 at 2. Nevertheless, he says he began the tort claim soon after his transfer by requesting a notice of tort claim form from the law library on October 17. *Id.* at 2. He then contends he received the form on November 17. *Id.* He alleges he filled out the form and sent it to the law library to be copied on November 18, 2021, just four days before the time to file a tort claim would expire. *Id.* at 2-3; *see* Ind. Code § 34-13-3-7 (requiring an inmate to file an administrative claim for loss of property within 180 days of the alleged loss). He did not receive the copies back until December 13, after the time to file a tort claim expired. *Id.* at 3. He blames Ms. Hall for being permanently barred now from recovering for his lost legal work. *Id.*

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* (citations omitted). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590

2

(7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

Here, Mr. Mayberry cannot recover if Ms. Hall performed her job carelessly or negligently, and as a result there were delays in his correspondence with the law library. But giving him the inferences to which he is entitled at this stage of the proceedings, he may proceed against Ms. Hall on a claim for denial of access to the courts.

Mr. Mayberry also seeks to proceed on a state law claim of negligence against Ms. Hall. However, as a state employee, she is immune from such a claim. State employees who are merely negligent are acting with the scope of their employment. *See* Indiana Code 34-13-3-5(c). Providing forms and making copies are within the scope of Ms. Hall's employment in the law library. "Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). "Indiana Tort

3

Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment." *Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016). "If an alleged action is within the general scope of an individual's authority, it is authorized within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Reiner v. Dandurand*, 33 F.Supp.3d 1018, 1033 (N.D. Ind. 2014) (quotations and citations omitted). Therefore, Mr. Mayberry may not proceed against Ms. Hall on a negligence claim.

For these reasons, the court:

(1) GRANTS Timothy Marcus Mayberry leave to proceed against Stacy Hall in her individual capacity for compensatory and punitive damages for causing him to miss the deadline to file a tort claim concerning a May 25, 2021, property loss that occurred at a former facility in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Stacy Hall at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 27);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Stacy Hall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 2, 2023                                            *s/ Damon R. Leichty*
                                                                    Judge, United States District Court