UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-45-DRL-MGG |
| STACY HALL, | |
| Defendant. | |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, is proceeding in this case "against Stacy Hall in her individual capacity for compensatory and punitive damages for causing him to miss the deadline to file a tort claim concerning a May 25, 2021, property loss that occurred at a former facility in violation of the Fourteenth Amendment[.]" ECF 32 at 4. Ms. Hall filed a motion for summary judgment, arguing Mr. Mayberry did not exhaust his administrative remedies before filing this lawsuit. ECF 44. Mr. Mayberry filed a response, and Ms. Hall filed a reply. ECF 53, 57. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to

2

pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Ms. Hall provides evidence showing the following: On December 13, 2021, Mr. Mayberry submitted Grievance 137790, complaining Ms. Hall caused him to miss a deadline to file a tort claim. ECF 45-3 at 2. On January 26, 2021, the grievance office processed this grievance and issued a receipt noting its response was due by February 17, 2022. *Id.* at 2-3. On February 2, 2022, the grievance office issued a response denying Grievance 137790 on its merits. *Id.* at 1. On February 3, 2022, Mr. Mayberry checked that he disagreed with the grievance office's response to Grievance 137790. ECF 45-4 at 2. Mr. Mayberry submitted a Level I appeal form, which was received by the grievance office on February 14, 2022. *Id.* at 1. On February 14, 2022, the Grievance Specialist rejected Mr. Mayberry's Level I appeal form as untimely. *Id.*

In his verified response, Mr. Mayberry argues he timely submitted his Level I appeal form on February 3, 2022, and the delay in processing the form was caused by the grievance office negligently or intentionally mishandling the form. ECF 53-1 at 3. He argues he was unable to pursue a Level II appeal because the grievance office improperly rejected his Level I appeal as untimely. *Id.*

3

Here, the undisputed facts show the grievance office made Mr. Mayberry's administrative remedies unavailable by improperly rejecting his Level I appeal form as untimely. Specifically, Mr. Mayberry attests he submitted his Level I appeal form to the grievance office on February 3, one day after the grievance office issued its response denying Grievance 137790. ECF 53-1 at 3. Ms. Hall provides no evidence disputing this attestation. ECF 57. Instead, she provides evidence the grievance office rejected Mr. Mayberry's Level I appeal form as untimely because it was not "received" by the grievance office until February 14. ECF 45-4 at 1. But the Offender Grievance Process provides only that a completed Level I appeal form must be "*submitted* to the Offender Grievance Specialist within five (5) business days after the date of the grievance response." ECF 45-2 at 12 (emphasis added). Because it is undisputed Mr. Mayberry *submitted* his Level I appeal form to the grievance office on February 3, the fact that the appeal form was not *received* by the grievance office until February 14 was not a valid reason for rejecting the grievance.

Accordingly, the undisputed facts show the grievance office improperly rejected Mr. Mayberry's Level I appeal form. However, this dispute may not be material, as the record indicates Mr. Mayberry was still in the process of exhausting his remedies when he filed this lawsuit. Specifically, Mr. Mayberry first raised his claim against Ms. Hall in his first amended complaint, which he filed with the court on February 11, 2022. *See* ECF 9 at 11 (alleging Ms. Hall violated his constitutional rights by causing him to miss the deadline to file a tort claim). At that time, Mr. Mayberry was still waiting for a response to his Level I appeal form, which he received on February 14, 2022. Because it is

4

undisputed Mr. Mayberry filed this lawsuit against Ms. Hall before he received the grievance office's response to his Level I appeal form, the undisputed facts indicate he was still in the process of exhausting his administrative remedies when he filed this lawsuit. *See Perez*, 182 F.3d at 535 (a case filed before administrative remedies have been exhausted must be dismissed "even if the prisoner exhausts intra-prison remedies before judgment"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later).

Pursuant to Federal Rule of Civ. P. 59(f), the court may only grant summary judgment on grounds not raised by a party after "giving notice and a reasonable time to respond." Therefore, the court grants Mr. Mayberry until September 11, 2023, to file a response to this order addressing whether he had finished exhausting his available administrative remedies when he filed this lawsuit against Ms. Hall. Ms. Hall then has until September 25, 2023, to file a reply to Mr. Mayberry's response.

For these reasons, the court:

(1) GRANTS Timothy Marcus Mayberry until September 11, 2023, to file a response to this order; and

(2) GRANTS the defendant until September 25, 2023, to file a reply to Mr. Mayberry's response.

SO ORDERED.

August 17, 2023                                           *s/ Damon R. Leichty*
                                                          Judge, United States District Court