UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

        Plaintiff,

        v.                                    CAUSE NO. 3:22-CV-45-DRL-MGG

STACY HALL,

        Defendant.

## OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, is proceeding in this case "against Stacy Hall in her individual capacity for compensatory and punitive damages for causing him to miss the deadline to file a tort claim concerning a May 25, 2021, property loss that occurred at a former facility in violation of the Fourteenth Amendment[.]" ECF 32 at 4. Ms. Hall filed a motion for summary judgment, arguing Mr. Mayberry didn't exhaust his administrative remedies before filing this lawsuit. ECF 44. The court entered an order concluding dismissal of this case was proper because the undisputed facts showed Mr. Mayberry was still in the process of exhausting his administrative remedies when he filed his amended complaint against Ms. Hall. ECF 60. However, because neither party raised this argument in the summary judgment filings, the court granted both parties an opportunity to respond, pursuant to Fed. R. Civ. P. 59(f). *Id.* Both parties have now responded. ECF 61, 62. Mr. Mayberry has also filed a motion

for leave to file a sur-response. ECF 63.¹ Therefore, the summary judgment motion is ripe for ruling.

As noted in the court's previous order, the following facts are undisputed. On December 13, 2021, Mr. Mayberry submitted Grievance 137790, complaining Ms. Hall caused him to miss a deadline to file a tort claim. ECF 45-3 at 2. On January 26, 2021, the grievance office processed this grievance and issued a receipt noting its response was due by February 17, 2022. *Id.* at 2-3. On February 2, 2022, the grievance office issued a response denying Grievance 137790 on its merits. *Id.* at 1. On February 3, 2022, Mr. Mayberry checked that he disagreed with the grievance office's response to Grievance 137790 and submitted a Level I appeal form. ECF 45-4 at 1-2. On February 14, 2022, the Grievance Specialist rejected Mr. Mayberry's Level I appeal form as untimely. *Id.* at 1.

Based on these undisputed facts, the court concluded Mr. Mayberry was still in the process of exhausting his remedies when he filed his claim against Ms. Hall. Specifically, Mr. Mayberry first raised his claim against Ms. Hall in his first amended complaint, which he mailed to the court on February 11, 2022. *See* ECF 9 at 11 (alleging Ms. Hall violated his constitutional rights by causing him to miss the deadline to file a tort claim).² At that time, Mr. Mayberry was still waiting for a response to his Level I

---

¹ Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response and prohibits the filing of additional briefs without leave of court. N.D. Ind. L. R. 56-1(d). Nonetheless, the court has reviewed the contents of the sur-response and determines it does not change the outcome of this case.

² As a prisoner, Mr. Mayberry is entitled to the benefit of the mailbox rule, which allows incarcerated litigants to have their papers "filed" on the day they are deposited in the institution's internal mail system. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

appeal form, which he received on February 14, 2022. Because it is undisputed Mr. Mayberry filed this lawsuit against Ms. Hall before he received the grievance office's response to his Level I appeal form, the undisputed facts show he was still in the process of exhausting his administrative remedies when he filed this lawsuit.

In his response, Mr. Mayberry argues his administrative remedies were unavailable when he filed this lawsuit on January 17, 2022, because he had not received a response to Grievance 137790 at that time. ECF 61. Specifically, Mr. Mayberry argues he: filed Grievance 137790 on December 13, 2021; did not receive any timely response from the grievance office within ten business days; provided notice to the Grievance Specialist of the lack of response on December 28, 2021; and did not receive any response to this notification within ten business days. Mr. Mayberry argues his administrative remedies became unavailable ten business days after his December 28, 2021 notice to the Grievance Specialist, meaning his administrative remedies were unavailable when he filed this lawsuit on January 17, 2022.

However, the relevant date for exhaustion purposes is not when Mr. Mayberry filed his initial complaint (January 17, 2022), but when he filed his first amended complaint (February 11, 2022). This is because Mr. Mayberry did not raise his claim against Ms. Hall in his initial complaint, but first named her as a defendant and raised this claim in his first amended complaint. *See Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005) (holding that, where an amended complaint raises a new claim not previously raised in the initial complaint, the relevant date for exhaustion purposes is the filing of the amended complaint). At the time Mr. Mayberry filed his first amended complaint, he

3

had just appealed the grievance office's response to Grievance 137790 and was awaiting a response to his appeal. Therefore, even assuming Mr. Mayberry's administrative remedies were unavailable at the time he filed his initial complaint, the undisputed facts show he had available administrative remedies he had not exhausted at the time he filed his first amended complaint. Because the undisputed facts show Mr. Mayberry filed his first amended complaint before he finished exhausting his available administrative remedies, dismissal of this case is proper.

Finally, one motion remains pending. Mr. Mayberry filed an objection to the order of July 28, 2023 entered by United States Magistrate Judge Michael G. Gotsch, Sr., denying his motion to strike the defendant's answer and affirmative defenses. ECF 56. When a party objects to an order entered by a magistrate judge, the presiding district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997).

Mr. Mayberry argued some of the defenses were not properly characterized as affirmative defenses and all of them were inadequately pleaded. ECF 40. The motion was denied because he did not show any prejudice and because requiring the defendant to submit a new answer would only serve to delay the case, particularly in light of the pending summary judgment motion about whether Mr. Mayberry had exhausted available administrative remedies before filing suit. ECF 52. That ruling was not clearly

4

erroneous. Mr. Mayberry received adequate notice of the grounds for the exhaustion defense, which is dispositive here. His complaints about the other asserted defenses are thus moot.

For these reasons, the court:

(1) DENIES the objection (ECF 56);

(2) GRANTS Mr. Mayberry's motion for leave to file a sur-response (ECF 63);

(3) GRANTS Ms. Hall's motion for summary judgment (ECF 44); and

(4) DIRECTS the clerk to enter judgment in favor of Ms. Hall and against Timothy Marcus Mayberry and to close this case.

SO ORDERED.

October 2, 2023 *s/ Damon R. Leichty*
Judge, United States District Court